# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrea Koretz
1281 Jo Mar Court
Hershey, PA 17033

**(b)** County of Residence of First Listed Plaintiff: **Dauphin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS
Direct Building Supplies, LLC d/b/a ReNu Solar
2900 Sycamore Street
Harrisburg, PA 17111

County of Residence of First Listed Defendant: **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 150000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/17/2020
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA KORETZ : | |
| 1281 Jo Mar Court : | |
| Hershey, PA 17033 : | JURY DEMANDED |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. |
| DIRECT BUILDING SUPPLIES, LLC : | |
| d/b/a RENU SOLAR : | |
| 2900 Sycamore Street : | |
| Harrisburg, PA 17111 : | |
| : | |
| Defendants : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, ANDREA KORETZ (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, DIRECT BUILDING SUPPLIES, LLC d/b/a RENU SOLAR (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7. Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

9. In or around February of 2015, Plaintiff suffered a hemorrhagic stroke due to a brain aneurysm, which coupled with a cognitive disability has left her with cognitive deficits connected to  learning, processing information, ability to focus, and fatigue.

10. Plaintiff is capable of learning and processing complex information, however she requires additional time to study, ask questions, and take breaks.

11. On June 12, 2019, Plaintiff attended an interview with Defendant's regional sales manager, Shannon Holtzinger.

12. During this interview, Plaintiff described her disabilities and the various accommodations she would require, mentioning several times that she would require extra time for training and may not be as fast as another representative.

13. Ms. Holtzinger hired Plaintiff on the spot and indicated that "no one is fast in learning the information" and that "[Ms. Holtzinger] would take [Plaintiff] under her wing and train [Plaintiff] herself."

14. Additionally, Plaintiff requested her two (2) days off to be consecutive, and as Defendant is closed on Sunday, Plaintiff's days off were scheduled to be Sundays and Mondays.

15. Plaintiff's training was handled in piecemeal fashion, with information generally coming in various forms and from different locations, i.e. via Whats App messages, text messages to her personal cell phone, emails to both her personal email and work email, and paperwork provided in person during sales meetings.

16. Plaintiff spent a lot of extra time compiling information and instructions in a way that would best benefit her understanding of the information, related to her cognitive disability.

17. However, Plaintiff began to notice that when asking for clarification on certain things, she was often not provided specific processes to follow or any additional instruction.

18. Plaintiff additionally noticed in Defendant's training room was a poster stating "You can't fix stupid", a statement which was also used on a routine basis by Defendant's employees during sales meetings.

19. On another occasion, one of the trainees that was hired alongside Plaintiff stopped working; when Plaintiff asked Ms. Holtzinger where the employee was, Ms. Holtzinger replied that the employee had "gone back on disability," and Ms. Holtzinger said, "I guess she didn't want to work."

20. During the course of her training Plaintiff observed Ms. Holtzinger become increasingly impatient and frustrated with Plaintiff's questions.

21. On July 2, 2019, Plaintiff came into work early for a meeting so that she could obtain training, ask Ms. Holtzinger questions and gain clarification.

22. Ms. Holtzinger was short and condescending in her responses to Plaintiff, and would not even turn around to face her when answering.

23. On July 18, 2019, Plaintiff was experiencing a great deal of stress and anxiety due to her schedule that day, which differed significantly from what she had been lead to believe during her interview.

24. Plaintiff attempted to text Ms. Holtzinger regarding the issues she was having, but as she received no response, she sent an email laying out the issues she was having with her schedule and requesting the following day, July 19, 2019, off from work to manage her disability.

25. Ms. Holtzinger responded dismissively of Plaintiff indicating she was informing Defendant after 10:00pm that she could not do her scheduled appointment the following morning.

26. Ms. Holtzinger then went on to indicate that the position "will be too difficult for [Plaintiff] to manage and a challenge to her health", and that the best action to take was to transition Plaintiff out of the sales field and into working events, should that department have availability.

27. Plaintiff responded that she would like to continue in sales and would like to speak with Ms. Holtzinger in person to discuss accommodations, further sending a detailed email laying out various accommodations which would allow her to succeed in her position.

28. On or about July 21, 2019, Plaintiff noticed she was removed from Defendant's group chat.

29. On July 23, 2019, Plaintiff was contacted by a person by the name of Elaine Davis, with whom Plaintiff was not acquainted, who indicated that Plaintiff needed to attend an emergency meeting that day at 2:00pm.

30. Based on the previous emails with Ms. Holtzinger, Plaintiff asked what the meeting was about, as she was under the impression her employment had been terminated.

31. Ms. Davis indicated the meeting was to "discuss accommodation requests and come to a resolution" and further indicated that Plaintiff was not terminated.

32. Plaintiff requested the meeting be moved to a different day as she would like more time to gather her thoughts and prepare for the meeting; Ms. Davis asked if Plaintiff was refusing to attend the meeting, as it was "not reasonable" to ask for more time and that "four (4) hours was more than sufficient time to prepare."

33. Plaintiff agreed to attend the meeting as scheduled, but also requested to bring a witness to help her with processing the information from the meeting; Ms. Davis refused, stating it was an HR meeting and not open to others.

34. During this meeting, Plaintiff met with Ms. Holtzginer, Defendant's CEO Marc Mitisi, and Ms. Davis, who introduced herself as Defendant's human resources consultant.

35. During this meeting, Ms. Davis told Plaintiff that documentation was "self-explanatory," after Plaintiff had expressed confusion about what the documents meant.

36. These statements were dismissive of Plaintiff's cognitive disability of which Defendants were well aware.

37. Additionally during this meeting, Ms. Davis said that if Plaintiff had asked for a job coach to attend trainings with her, Defendant would have provided it.

38. Plaintiff immediately asked if she could have a job coach, and Ms. Davis declined.

39. Ms. Davis also indicated that during the meeting Plaintiff was being "insubordinate"; when Plaintiff questioned how she was being insubordinate, Ms. Davis stated

Plaintiff's tone, defensiveness, interrupting, and "sitting forward on her chair" came across as aggressive.

40. At that point, Plaintiff made a conscious effort to sit back in the chair and explained that since her stroke, she was often told that she interrupts people when they are talking. At no point was Plaintiff insubordinate or aggressive.

41. Following this meeting, on July 27, 2019, Plaintiff emailed Ms. Holzinger requesting that trainings be commenced on Tuesday or a day which was not one of her previously agreed-upon days off, as a schedule change had not been discussed in the meeting on July 29, 2019.

42. On or about July 29, 2019, Plaintiff received a termination letter from Defendant.

43. Defendant failed to reasonably accommodate Plaintiff's disability.

44. Defendants failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

45. At all times material hereto, Defendant was hostile to Plaintiff's diagnosed medical conditions, and terminated her as a result of that animus.

46. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

49. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

50. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

51. At all times material hereto, Plaintiff had a qualified disability, as described above.

52. Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

53. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

54. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

56. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

57. Plaintiff incorporates paragraphs 1-56 as if fully set forth at length herein.

58. As set forth above, Plaintiff is a member of a protected class.

59. Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

60. Defendant terminated Plaintiff's employment.

61. As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

62. Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated able-bodied employees, who received more favorable treatment by Defendants.

63. As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

64. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

65. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

66. Plaintiff demands attorneys' fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, ANDREA KORETZ demands judgment in her favor and against Defendant, DIRECT BUILDING SUPPLIES, LLC d/b/a RENU SOLAR, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _[signature]_

    **GRAHAM F. BAIRD, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102

    Attorney for Plaintiff, Andrea Koretz

Date: 12/17/2020

# EXH. A

Enclosure with EEOC
Form 161 (11/16)

EEOC# 17F202060487

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Scanned with CamScanner

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:* Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Scanned with CamScanner

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Andrea Koretz<br>1281 Jo Mar Court<br>Hershey, PA 17033 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-03417 *Name address & phH* | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)     Jamie R. Williamson,<br>District Director     September 21, 2020<br>(Date Mailed)

cc:     Shannon Holtzinger<br>Regional Sales Manager<br>RENU SOLAR AND ROOFING<br>2900 Sycamore Street<br>Harrisburg, PA 17111

Scanned with CamScanner